Before you begin, I'd like to suggest the following. The solution for sleeping us in The Wizard of Oz, as they were going through the poppy fields, was to run really fast. I don't encourage you to cut short your argument, but you may wish to be energetic and loud and so on. That may keep us all awake. Okay. Thank you, Your Honor. I will try to speak into the microphone for Judge Hyde as well. Okay. May it please the Court and Counsel, my name is Ron Messerly. I'm with the Law Firm of Snellen, Willmar, and Phoenix, and we are pro bono counsel for Petitioner of Video, Gomez-Martinez. Mr. Gomez-Martinez is currently in detention of the Department of Homeland Security and has been for two years pending the outcome of this petition and his immigration hearing. I'm sorry, I'm having difficulty hearing you. Thank you, Your Honor. I'll speak into the microphone more clearly. Mr. Gomez-Martinez has been in the custody of the Department of Homeland Security for a period of approximately two years pending the outcome of this petition for review and was taken into custody by the Department of Homeland Security after his conviction and while he was serving a sentence for commission of lewd acts with a child under the age of 14, for which they served a notice of removal upon him and subsequently found him to have committed an aggravated felony, a sexual abuse of a minor, and a basis for removal. We'll get into the specifics of that, but initially I'd like to note for the Court that the standard of review in this case is a de novo standard of review. The government does not dispute that. There are both legal and constitutional errors that are alleged here, and we believe the Court should look at this on the first instance. If you start out by addressing the exhaustion problem, the government argues that this claim of it's not an aggravated felony has not been exhausted. Indeed, once the government makes that claim, that exhausts the government's argument in the brief. As far as I can tell, the government doesn't argue the merits of the question. So it sounds as though the sole ground on which the government's arguing on this point is that it hasn't been exhausted. That's correct, Your Honor. The argument they make is twofold. First of all, they argue or on its face it's twofold, but really it's the same argument recharacterized in its second iteration. The first argument they make is that it wasn't presented below. In order to look at what was presented below, you have to look at initially the immigration hearing that was held before the immigration judge that was subsequently affirmed by the agency through the so-called Burbano Affirmance, where they simply adopt the decision of the immigration judge as its decision and don't engage in any independent written analysis, at least in its decision. So the record that we look to here is essentially the hearing before the immigration judge, and then subsequently the notice of appeal that was filed to the agency for purposes of its review. Before the immigration judge, the question was squarely presented to Mr. Gomez-Martinez as to whether or not he had been and admitted to the fact that he had been convicted of an aggravated felony, sexual abuse of a minor. On page 82 of the record, he says no. He says no twice. The question is squarely presented by the immigration judge. He squarely denies it. And then in his notice of appeal to the agency, the first issue raised, and this is on page 41 of the record, the first issue raised, he states, the immigration judge erred when the I.J. sustained Respondent's conviction as an aggravated felony. So the very question he raises is, was my conviction an aggravated felony? And that question is precisely the question, indeed, if you read our first question presented for review in our opening brief, is the question at issue here. Because when one asks the question as to whether or not a particular conviction constitutes an aggravated felony, one is asking the analysis that is squarely presented in the case law of this circuit and of the United States Supreme Court. It's an analysis that was set out clearly in Taylor v. United States, was adopted in the immigration context in this case, or rather in this circuit in several instances. In Chang v. INS, a case that we quote a long paragraph from in our reply brief, expressly sets out the test that goes on. And that test as to whether or not a particular conviction constitutes an aggravated felony is a two-part test. The first test is, does the crime in question of which the petitioner was convicted categorically constitute an aggravated felony? I should be quick to point out that this circuit previously held in which this petitioner was convicted was categorically an aggravated felony. However, that case did not consider the wide breadth, the sweep of aider and abetter liability under California law. And in other cases, in similar circumstances, this Court has held that because, quote, any and all circumstances under the proposed crime have to be considered to determine whether or not a crime categorically constitutes an aggravated felony, then in turn, all conduct must be considered and the case that previously held that something was categorically an aggravated felony is nonbinding on this Court for that decision. Bringing this all back to the exhaustion issue, well, and I guess just to finish the thought, however, the second part of the test is that if something isn't categorically an aggravated felony, then the case law expressly sets out the second part is that you have to look at the underlying record to determine whether or not this particular individual was guilty of doing something that constituted the aggravated felony as defined by the Federal statute. In this case, the record isn't there and the government doesn't dispute to prove those facts. All of this goes to this point, that the question was squarely to it, sexual abuse of a minor. He said no. The question was then, in fact, presented to the immigration judge. The Board of Immigration Appeals is presumed to have considered and analyzed that question when it adopts the immigration judge's decision, and that's the analysis that's the case that's cited in the first footnote in the opening brief. And then in addition to that, in the notice of appeal that was presented to the agency for consideration in this case, the petitioner squarely, the pro se petitioner squarely, presented the issue as to whether or not his conviction constituted an aggravated felony. There is no other way that this matter could have been presented below, and we submit that the issue is, in fact, exhausted as far as it could be. There's nothing more he could have done. Well, there is something more he could have done, although I'm not sure this is fatal to his claim that he has exhausted. He could have filed a timely brief in the BIA. He filed an untimely brief. The BIA rejected it as untimely, sent him a letter saying, if you want to have it filed, you've got to file a motion to file an untimely brief, and he never sought to refile it, and his brief is not in the record. I did notice that the government also sought to file an untimely brief in front of the BIA, and permission was granted to the government to file a brief that was about a page and a half long. That's correct, Your Honor. In addition to that, however, that while he could have filed a brief, there's a case that I cite in the footnote. Let me see. I believe it's in the opening brief. The point of the case is that raising the issue in the notice of appeal only is sufficient for purposes of the exhaustion doctrine in this circuit. And so while he could have gone on to file a brief to further discuss the issue, certainly, raising the issue in the notice of appeal is sufficient. Okay. I think we've got the argument in hand. Why don't we hear from the government, and then you'll have a chance to respond. Thank you, Your Honor. May it please the Court, my name is Song. Speak loudly and into the microphone, please. Is that helping? Ask Judge Huck, because he's the one who may have trouble hearing. Can you hear me, Judge Huck? Okay. I apologize. Good morning, Your Honors. May it please the Court, my name is Song Park. I'm on behalf of the Attorney General, Alberto Gonzalez. As the Court noted this morning, the primary issue before the Court today is whether the Petitioner here sufficiently exhausted the claim with respect to his aggravated felony conviction before the Court. And the government's position is that it did not. Just to start off, earlier, opposing counsel had noted a conversation that occurred during the course of proceedings between the immigration judge and the Petitioner that seemed to suggest that he was contesting that his conviction itself was actually not an aggravated felony, and so, therefore, that should have tipped the board off. But I think if you look further, also, in that same exchange between the immigration judge and the Petitioner, and this would be on the administrative record, page 83, towards the very bottom, I believe it starts on line 21, the immigration judge asks Petitioner, in your claim of denying the charge against you, claiming you shouldn't be removed from the United States, is there something else you want me to consider concerning why you're denying that charge, and the Petitioner responds, because I haven't committed that. Now, it's possible that reading that response, because I haven't considered that, actually goes, is reasonably construed to mean because I didn't commit the conviction or the criminal offense that they're charging me of. But that's clearly undermined by the conviction documents in the record that shows that the Petitioner was, in fact, convicted under 288A of the California Penal Code. Yeah, although, you know, I read that, and it occurred to me, I mean, he's uncounseled, so who knows exactly. One of the things he might have meant is that, well, he didn't actually do it. He was just an aider and abetter. Perhaps, Your Honor, but if that's so, bingo, you lose. But it's equally, I believe, that maybe he was intending that. We can't look into the mind of the Petitioner at that moment, but based on how the immigration judge construed that response to be, it was equally reasonable for him to have taken that response as meaning, I haven't committed that offense. And, in fact, that kind of response is clearly undermined by the conviction documents that are contained in the record that shows that this particular Petitioner was, in fact, convicted under 288A. And as Petitioner's counsel previously noted, under Barry Medina, this Court has held that that type of conviction is categorically an aggravated offense, a felony offense. And so based on the exchange, I think it's based on the exchange that occurred between the immigration judge and Petitioner, as well as the very vague claim that he made in his notice to appear, basically, that he doesn't believe he should be subject to removal as an aggravated felon. Now, let me ask you this. If you were writing a brief arguing the position that he now seeks to argue, that is to say that this conviction is not an aggravated felony for purposes of the immigration law and the removal proceeding, what would have been the heading of the section of the brief that made that argument? For the Petitioner in this case? Yes. What would be a good heading for that brief? Something to the – I suppose something to the effect, and this is pure speculation. My – Maybe could the heading be the immigration judge erred when he sustained the response to conviction as an aggravated felony? The government would disagree, Your Honor, because that kind of sentence, as we are arguing today, is too broad and too vague, because it could very well just go to the fact that he's contesting the fact that the government found him convicted of this charge. No, I'm asking you – I understand, but I'm saying if you're just doing a heading to an argument, is that – is that an appropriate heading to the argument that we're now talking about? I think the government's position would be that it's still too broad, that it needs to trigger – somehow there needs to be language included that triggers pointing the reviewing bodies, whether it be the administrative agency or the court, toward the fact that they're contesting this particular offense is in fact an aggravated felony offense, as opposed to something related to the fact that he was never so convicted or there wasn't sufficient evidence of conviction. Now, if we were arguing – some of this is a slightly different question from exhaustion. I recognize this. If we're arguing notice of appeal and you say, okay, here are the issues upon which I seek to appeal, one, two, three, is the language that I just read to you, which is of course the language he wrote, would that be appropriate – would that be sufficient to put on notice that that issue is being appealed? The specific issue with respect to it being not a categorical crime. Right. Again, the government's position would be no, Your Honor. Oh, goodness, that can't be right, though, meaning notice of appeal, you then make your claim that it's not included within that statement. If that's all that was provided to the government or to the reviewing body, if that sole statement that Your Honor just read was all that was provided, then the government's position is no, it's certainly not sufficient to trigger the reviewing body to view that as a specific challenge to this particular crime being a categorical aggravated felony offense. If, as Your Honor noted earlier, he had gone ahead and as he indicated in his notice of appeal that he would do, if he had filed a timely brief and indicated, well, it's not just that I'm sitting here contesting the fact that there wasn't sufficient evidence of conviction or that I wasn't convicted of this crime at all, it's that I don't believe that based on this actual offense and conviction, it should be categorically an aggravated felony offense on which I can be removed. But he didn't do that. As Your Honor's noted, he clearly – he didn't timely file a brief. And in addition, when the board did go ahead and give him another opportunity to do so, he actually ended up challenging whether he should be removed to his home country based on fears he had of torture and requested protection under the Convention Against Torture. Under a lot of circumstances, a pro se party gets cut some slack. Absolutely. Does that not happen in this kind of proceeding? Absolutely, Your Honor. When an alien is representing himself and there's no assistance from a formally trained counsel to present his positions before the board, then certainly the board does give a liberal or a broader reading to the documents that are submitted beyond – above and beyond what somebody who is represented would get. However, in this case, what basically Petitioner is requesting the board to do is not just to do a liberal or a broad reading, but to actually have the reviewing body cull through the entire record, speculate as to what certain challenges may be with respect to what he generally vaguely alluded to, and then to address those issues. And that simply is not what the responsibility of the board is to do. The board's job is not to go through the record and speculate as to what a potential argument might be on behalf of the petitioner. It's actually to address the various issues that may be raised, even by a pro se petitioner, in some way that identifies what the error was below. I have to say I'm somewhat sympathetic to the board in this case. They've got a huge volume of cases coming through before them. As any adjudicative body is, it's dependent upon the people who come before it to alert them to what the questions are. And unless the questions are presented with some clarity, you can miss things. On the other hand, I'm sympathetic to a pro se litigant, who seems to have stated the issue, if we're going to talk about a one-sentence statement of it, in a perfectly adequate way. And what the government is asking us to do is to say that a one-sentence statement, which certainly comprises the argument that he's making, although of course it's not a three-page explanation of the argument, is so poor that we should deprive him of the argument now that he has counsel. That's a pretty harsh outcome. The outcome is severe, Your Honor, because it would very well result in his being removed from the United States. And maybe removed from the United States on a basis that, if legally argued, he's not removable. Potentially, although the government's position is the crime is accountability. But, you know, if that's the government's position, why didn't the government argue that in the brief? Because I think in this instance, it's very important to recognize that the board is the judicial body or the administrative body that needs to speak to that issue first. So it's very possible on remand that the board would agree that it is or it is not a categorical crime. But equally, the board may find that it is. And so without having the benefit of the board's first taking a look at this issue, the government can't really take a position on the merits, one way or the other, whether this is in fact or not a categorical aggravated felony offense. That's something that needs to go before the board first. And as the administrative body that has expertise in the immigration area and the INA, that's an issue that must first be addressed by the board. Now, sometimes I know the answer to the question I'm going to ask, or at least I think I do. I'm not sure I do know the answer. Did you ask for a Ventura remand? Yes, Your Honor. Where did you ask for that? I believe it was towards the end of the brief. Yeah, if you've got a minute, I'll give you a minute to look it up. Just I want to make sure I see it. I believe INA's versus Ventura is cited on page 19 of Respondent's brief. And it's beginning on the page before that on page 18. It reads. Remand is warranted. Okay. There I'm with you. Okay. Now, why is this appropriate for a Ventura remand? The reason I say it this way is that Ventura remands are typically given when there's an argument based upon some determination or weighing of facts. This is a straight legal question. Does that require a Ventura remand? I think the difference in this case, Your Honor, is that the term sexual abuse of a minor is specific to the Immigration and Nationality Act. As noted, even in Petitioner's brief, it's a term of art that's only utilized or brought up within the INA. And because of that, the board, which is the agency charged with the expertise in the immigration area, to be able to interpret and apply things that come out of the INA, I think that would be sufficient to bring this issue first before the board and allow that agency with the expertise in immigration matters to make its first determination. How long is this likely to take if we were to do a Ventura remand? I'm not sure that I can. I don't know that I have a specific time period I can provide to Your Honors. I could certainly investigate and find out. The reason I'm asking is we've got an incarcerated person here. And the legal question, frankly, doesn't strike me as very hard. And it doesn't require any facts. That might be. But, again, Your Honor, this is a term of art that's specific to the INA. But we would review that de novo, I think, because it's a legal question. Isn't that right? It is a legal question. But, again, it must be something that the board – it should be something that the board is first allowed to speak on. But the legal question, it would not be a question as to the meaning of the Federal law. The legal question would be as to the scope of the California statute. That's correct, Your Honor. But I would also like to point the Court's attention to two other cases that are currently pending before the Supreme Court, Duenas-Alvarez and Pannulliar, which apply similar analysis as the Petitioner is asking this Court to do in this case. And those are also pending. They're currently pending before the Supreme Court, I believe, in Duenas-Alvarez. That was just argued on December 12th of this past year. And it's very – this is yet another development that suggests that if this Court doesn't want to hold this case in abeyance pending those – the issuance of those decisions, then, again, this is an important issue arising out of the context of the INA for which the board should have the first instance to be able to apply. To apply California law? No. The Court's – this Court's interpretation of California law with respect to that Your Honor. Okay. Thanks very much. Thank you, Your Honors. I'm sorry, I should ask this. Does the emergency panel have other questions?  No. Okay. Thank you, Your Honor. Thank you. Just to follow up on one point from the opening argument, the case that I was looking for that the raising of the issue in the notice of appeal itself is enough is on page 2 of the reply brief, footnote 3. And it's – Lotta v. INS is the case that indicates that that is sufficient for the exhaustion of the issue. The only other issue that I think needed addressing was the question of whether or not the Ventura remand is appropriate here. And Petitioner clearly agrees with the observation the Court made that the Ventura remand and the other case that they cite for the remand as well, the Gonzales v. Thomas, are both similar in that regard in that they remand it back to the Board when it's appropriate for further factual determinations. That's what both of those cases involved. And the prerequisite in both of those cases as well is that the Board wasn't presented with the issue in question. And in this case, that's why I say it's simply a recharacterization of the exhaustion argument. What they're saying is it wasn't presented to the Board and, therefore, he didn't exhaust it. But if you do find he presented it to the Board, send it back to the Board for consideration. Our position is, is that it was presented to the Board. The Board, as a matter of law, by doing the Bourbano affirmance, considered the issue. That's what this Court, in the unanimous en banc decision cited in footnote 1 of the opening brief, stated was that when there is a Bourbano affirmance, it is the consideration of the issues raised, it is the adoption of the analysis in the immigration judge's decision, and so the issue was raised, the issue was considered, no remand is necessary. Further, for the reasons the Court points out, this is a legal issue which the government hasn't disputed the merits of, and we think that the Court would consider it de novo. It is a matter of California law that the Board has no particular expertise in. We think it is appropriate for this Court to consider it and treat this case as it has other cases of a similar nature where there is not a categorical aggravated felony and where the record is insufficient, such as the Penular decision, the Rivera-Sanchez decision, the Corona-Sanchez decision. Those are all situations where the record has similarly indicated there is no categorical aggravated felony, the underlying record is insufficient to determine whether or not on a modified approach this was sufficient and the petition was granted. Thank you. Roberts. Thank you very much. Good arguments on both sides. Thank you very much for a helpful argument. Gomez-Martinez v. Gonzales is now submitted for decision. The next case on the argument calendar this morning is Saldivar v. Gonzales. Thank you.
judges: Hug, W. Fletcher, Holland